UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AUDRAIN JONES,<br><br>   Plaintiff,<br><br>   v.<br><br>INDIANA DEPARTMENT OF CORRECTION, et al.,<br><br>   Defendants. | Case No. 3:24-CV-600-CCB-MGG |

**OPINION AND ORDER**

Audrain Jones, a prisoner without a lawyer, filed a lawsuit in the LaPorte Circuit Court against 53 separate defendants asserting a variety of alleged wrongs. *Jones v. Indiana Dept. of Corr.*, Cause No. 46C01-2305-CT-000901. Because the complaint asserts federal claims, the defendants removed it to this court. ECF 1; ECF 3. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Jones' 34-page complaint discusses prison conditions, inadequate medical care, inadequate access to the law library and courts, retaliation, and more. The complaint addresses circumstances dating back to 2020, and it concerns things that happened at both Indiana State Prison and the Westville Correctional Facility. "Unrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Jones cannot bring a single lawsuit based on a variety of alleged wrongs that occurred at two different facilities and involved two different

groups of defendants. Additionally, Indiana's two-year statute of limitations applies to Jones' claims. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Here, it appears that many of Jones' claims arose more than two years before he initiated his lawsuit.

Furthermore, the Federal Rules of Civil Procedure require that Jones present his claims with sufficient clarity "to avoid requiring a district court or opposing party to forever sift through its pages" to determine whether it states a claim. *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990); *see also United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) (federal pleading standards "require[] parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud"). To this end, Rule 8 of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

Usually, the court would extend Jones an opportunity to address these deficiencies. Jones, however, has been restricted from filing in this court. *See Jones v. Carter*, 3:23-CV-208-JD-MGG (order dated March 15, 2023). The court's order, consistent with *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995), directed the clerk to:

> return, unfiled, any papers filed in any civil case by or on behalf of Jones (except for a notice of appeal in this case and documents related to that appeal, or documents filed in a habeas corpus proceeding) until he has paid in full all outstanding fees and sanctions in all civil actions in any federal court[.]

Although Jones was permitted to file the initial complaint in state court, the restrictions he is subject to prevent him from prosecuting his case in this court by filing an amended complaint. In *Matter of Skupniewitz*, 73 F.3d 702, 706 (7th Cir. 1996), the Seventh Circuit held that, where a plaintiff is subject to a filing ban such as this, he may "file a response to any motion made by the defendants which could result in a final judgment" but the ban "clearly prohibits [the plaintiff] from initiating complaints, petitions, or motions until he complies with the court's sanction order." Our sister

2

courts have interpreted this language to prevent a plaintiff who filed a complaint in state court that was removed to federal court from amending the complaint, and that interpretation is consistent with the purpose of the filing ban. *See Pannell v. Magnus-Stinson*, 1:17-CV-04272-WTL-MJD (S.D. Ind. order dated Feb. 14, 2018) (striking an amended complaint erroneously docketed by the clerk due to a similar ban); *Von Flowers v. Canziani*, No. 04-C-892-C, 2004 WL 2810088, at *2 (W.D. Wis. Dec. 3, 2004) (permitting the plaintiff to respond to a motion to dismiss but warning the plaintiff that if he "attempts to file any motions, amended pleadings, or other papers unrelated to the motion to dismiss, they will be returned to him in accordance with the sanction order in force against him."). *See also Balele v. PDQ Food Stores, Inc.*, No. 13-CV-171-BBC, 2013 WL 3732878, at *1 (W.D. Wis. July 15, 2013) (noting that plaintiff was warned that, because of his filing ban, he would be limited to responding to motions filed by defendant); *Simpson v. Vanlanen*, No. 19-CV-1222-PP, 2022 WL 5118238, at *4 (E.D. Wis. Oct. 4, 2022) (finding, in reliance on *Skupniewitz*, that the plaintiff was barred from proceeding in a case removed from state court "unless he 'is filing papers in a purely defensive mode.'"). In other words, filing a complaint in state court will not allow a plaintiff to evade the effect of the sanction. *See Patel v. Univ. of Notre Dame du Lac*, No. 22-2251, 2023 WL 2387220, at *1 (7th Cir. Mar. 7, 2023), *corrected*, No. 22-2251, 2023 WL 2531330 (7th Cir. Mar. 16, 2023), and *reh'g denied*, No. 22-2251, 2023 WL 2776765 (7th Cir. Apr. 4, 2023).

Here, Jones cannot proceed without amending his complaint, because the current complaint does not comply with Federal Rule of Civil Procedure 8 and contains unrelated claims. And, he cannot amend his complaint unless he has paid in full all outstanding fees and sanctions in all civil actions in any federal court and the restriction is lifted. Therefore, Jones will be given an opportunity to pay all federal filing fees and have the restriction removed. If he succeeds, then he may file an

3

amended complaint using this court's Pro Se Prisoner Complaint Form.[1] If he does not, then Jones' federal claims will be dismissed without prejudice and any state law claims will be remanded to the state court.

For these reasons, the court:

(1) GRANTS Audrain Jones until September 20, 2024, to pay all filing fees, have the restriction lifted, and file an amended complaint that addresses the deficiencies highlighted in this order;

(2) DIRECTS the clerk of court to return unfiled any non-defensive motions or other papers the plaintiff attempts to file in this lawsuit unless and until his filing restriction has been lifted; and

(3) CAUTIONS Audrain Jones that, if he does not resolve his filing restrictions and file an amended complaint by the deadline, his federal claims will be dismissed without prejudice and any state law claims will be remanded to the state court.

SO ORDERED.

August 6, 2024

                                                */s/ Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

---

[1] Under N.D. Ind. L.R. 7-6, the court requires the use of the Pro Se 14 (INND Rev. 2/20), which is available in the prison's law library.